BENJAMIN N. LAPHAM, Administrator, *v.* ALMOND S. OLNEY & others.

By the general law, a will of real estate must be executed with the formalities prescribed by the law of the *situs* of the property devised, and a will of personal estate, with those prescribed by the law of the domicil of the testator at the time of his death.

The 7th section of ch. 154, and the 9th section of ch. 155 of the Rev. Stats. do not alter this rule; the former being satisfied by its application to wills of personalty, executed by persons domiciled in the state at the time of their death, and the latter merely leaving the question of the validity of a foreign will, arising out of its mode of execution, unaffected by the statute provision for its being filed and recorded.

Hence, the will of a person domiciled in Wisconsin at the time of her death, and embracing both real and personal estate in Rhode Island, is void as a disposition of the real estate here, if not attested by three witnesses, as our law requires; but is valid as a disposition of the personal estate here, though attested by two witnesses only, according to the law of Wisconsin.

In such case, the copy of the will should, upon application to have it filed and recorded here under the provisions of ch. 155 of the Rev. Stats., be ordered to be filed and recorded as a will of personal estate only.

THIS was an appeal from a decree of the court of probate of North Providence, made on the 6th day of September, 1858, refusing to allow the certified copy of the last will and testament of Susan Olney, late of Baraboo, in the county of Sauk and state of Wisconsin, and of the probate thereof before the county judge of said county, to be filed and recorded.

At the trial of the appeal before the court, it appeared, that the testatrix, beside some real estate, had left personal property, in Rhode Island, where she formerly resided, of which an administrator had been appointed, by the court of probate of North Providence, as of intestate estate; and that the sole ground upon which the court below had refused to allow the copy offered to them to be filed and recorded, was, that it appeared from the copy, that the original will had been executed in the presence of, and was attested by, *two* witnesses only, according to the law of Wisconsin, where the testatrix

35 *

dwelt, instead of *three*, according to the law of Rhode Island, where the property in whole, or great part, was situated.

*B. N. Lapham*, for the appellant, relied upon Rev. Stats. ch. 155, §§ 5–9, and *Vernon L. Olney & others* v. *Lemuel Angell, Adm'r*, supra, 198.

*T. C. Greene*, with whom was *R. W. Greene*, for appellees :—

By the Rev. Stats. ch. 154, § 7, a will of personal estate, to be valid, must be signed and executed as a will of real estate ; and no will is effectual to pass either real or personal estate, unless proved and allowed in the court of probate. Rev. Stats. ch. 155, § 1.

The provisions for recording foreign wills do not exclude the probate of such wills here ; *Cassels, Adm'r*, v. *Vernon*, 5 Mason, 332 ; but afford a substitute for probate here, to relieve parties from the expense and delay of a second probate. Upon a petition for the filing and recording of the copy of a foreign will, notice is to be given, as though the will were presented for probate ; and whatever would be an objection to probate is equally an objection to filing and recording. To prevent the anomaly of a copy of a foreign will being valid, when an original will would be void, the 9th section of ch. 155 of the Revised Statutes provides, that nothing in the 4th section shall be construed to make valid any will not executed, subscribed, and attested, according to the law of this state,—a clause meant to be applied to foreign wills.

The common-law rule, that wills of personal property are to be executed according to the law of the testator's domicil, is repealed by sect. 7, ch. 154, of the Revised Statutes ; and the whole law, with regard to such wills, rests upon the provisions of ch. 155 of the Revised Statutes. *Crofton* v. *Ilsley*, 4 Maine, 434.

This will, certainly, cannot operate as to the real estate of the testatrix in Rhode Island ; and hence cannot operate as to personal property here ; for the probate must be of the whole will or of no part of it ; and the consequence of admitting it to probate, for the purpose of passing personal property here, would give it effect, as to real estate also. *Dublin* v. *Chadbourn*, 16 Mass. 444.

BOSWORTH, J.   In this case the appellant appeals from a decree of the court of probate of the town of North Providence. A copy of the will of Susan Olney, duly proved and allowed in a court of probate in the state of Wisconsin, was presented, with a copy of the probate thereof, under the seal of the probate court in Wisconsin; and a request was made in writing, that the same might be filed and recorded in the probate office of the town of North Providence, where the testator had real and personal estate, whereon the same might operate.   Objection was made on the ground, that the said will was not executed, attested, and subscribed, according to the law of this state. The court below sustained this objection, and refused to allow the copy to be filed and recorded.   It is admitted, that the will was attested, subscribed, and executed, according to the law of the state of Wisconsin, though not according to the law of this state.   It is clear, that it cannot be admitted here as a valid will of real estate; and the question is, whether it can be filed and recorded here, as a valid will of personal estate.

The established law in this country and in England is, that testamentary dispositions of personal or movable property are governed by the law of the place of the testator's domicil at the time of his death; and that wills of real estate are governed by the law of the place where the property is locally situate. Story's Conflict of Laws, §§ 464–468, 473.

We are of opinion that there is no statute provision in this state which affects to change or modify these principles of the common law.   The defendant's counsel contends, that the provision of the 17th section of the act in relation to wills, (Rev. Stats. ch. 154,) repeals the common law, or abrogates its operation in respect to foreign wills, in this state.   The statute referred to prescribes the mode and forms to be observed in the execution of wills of real estate, and the 7th section enacts, that no will or testament of personal estate shall be valid and effectual to convey the same, unless signed, executed, and attested, in the manner prescribed for the execution of wills of real estate.   The statute as a whole, is understood to establish a mode for the execution of wills in this state; and the same formalities are required in the execution of wills of personal as

of real estate. It is the law for the execution of wills of real estate; no other form will convey real estate situate here, because the law of this state alone governs its disposition. It is the law which governs the disposition of personal estate of persons domiciled here; because the law of this state governs the testamentary disposition of the personal property of persons domiciled here, at the time of their death, wheresoever it may be situate. Sufficient, and we think, full effect is given to this section, by supposing that its sole purpose is to prescribe the mode and forms of executing wills of persons domiciled in this state. The common law, then, we think prevails here, as to wills of personalty; and the law of the domicil governs the disposition, by testament, of personal estate.

The will here in question is, upon these principles, valid to convey the personal property of the testatrix, though invalid to convey real estate situate here. At common law, a will disposing of both real and personal estate, not valid for disposing of real, may nevertheless be set up as valid for disposing of personal estate. In *Cobbold* v. *Baas*, 4 Ves. 200, n. b., it appears, that " a will disposing of real and personal property, though not conformed to the statute of frauds and perjuries, is a good disposition of personal property." In *Deane* v. *Littlefield*, 1 Pick. 239, the will of a minor, " giving all his estate and property of every description whatsoever," though not valid to pass real estate, was allowed and proved as a will of personal property only. And see remarks of Jackson, J., in *Osgood* v. *Breed*, 12 Mass. Rep. 551, 552, in which it is maintained, that if a qualified probate is necessary to give validity to an instrument in the nature of a will, though not valid in whole as a will, there is no reason why the instrument should not be allowed in the courts of probate for that purpose and to that effect. See *Jenkin* v. *Whitehouse & another*, 1 Burr. 431, and *Ross* v. *Ewer*, 3 Atk. 156. We know that there may be cases in which the setting up of a will as valid in part and invalid in part may operate to defeat the design of the testator; yet we deem this to be the doctrine of the common law. In Massachusetts, a statute was early enacted to meet the evil and hardships of such a case. In this state no such statute exists; but

the evils which in consequence may follow from the partial operation only of the will of the testator are not to be compared with those which must ensue from holding that our law requires testamentary dispositions, by foreign testators, of their personalty here, to conform to it. The evils of such a doctrine are apparent. A person in large business may have, and very frequently does have, his property scattered over many states ; and if, in his will, he was obliged to conform to the requisites of every jurisdiction in which he may have temporarily placed his property, a testamentary disposition of it would in many instances be impracticable, if not sometimes impossible.

The ground taken against the filing and recording of this copy under the 155th chapter of the Revised Statutes is, we think, equally untenable. This chapter treats of the probate, and of the effect of the probate, of wills ; and also provides, that a copy of a will proved in a court of probate in any other state of the United States, or of any kingdom or state, may, upon the terms therein prescribed, be filed and recorded here, with the same effect as though such will was originally proved here. Notice is to be given, before the court can admit such copy to record, in the same manner as is provided in case of an original probate; and the court is to allow the filing and record, if there shall be no objection made, or none in the judgment of the court sufficient to prevent the filing of the same. It is further provided, in the 9th section of the chapter, that "nothing in the preceding four sections shall be construed to make valid any will that is not executed, subscribed, and attested according to the law of this state," &c. By reason of this clause, we understand, the court below refused to allow the copy of the will in this case to be filed. Now it will be observed that this proviso does not say, that no will shall be allowed to be filed and recorded unless executed, subscribed, and attested according to the law of this state; but that the statute shall not be construed to make valid such a will. We have seen that a will of personal estate of a person not domiciled here at the time of his death does not depend on the law of this state for its validity, but on the law of the place of his domicil. The foreign probate is sufficient evidence, *primâ facie* at least, of its

validity. The record of it here is simply evidence that it has been duly established in the foreign state; and being valid there, it is, as a will of personal property, therefore valid here. The record here, therefore, gives to the will no validity. It simply recognizes the validity which already by law it has. In the case of a testamentary disposition of real estate, the case is different. That depends upon the law of this state, so far as it regards property situate here. If the will is not executed according to our law, it is an invalid will. Foreign probate is no evidence of its validity; and the ninth section of the act relating to wills provides, with proper caution, that the filing and recording of the copy of such will and probate from abroad, shall not be construed to make such will valid unless it is executed according to our law. Unless so executed it could have no validity as a will of real estate here, and the section alluded to provides that nothing in the statute shall be construed to give it validity. In other words, as the statute finds it, it leaves it, in this respect.

We have seen that a will of personal and real estate, valid to pass personal property, though invalid to convey real estate, may be set up and proved in probate courts, as a will of personal estate only. We think that the same principles of law should govern the court in relation to the filing and recording of foreign wills; and that the reasons on which this policy of the law is founded are quite as strong, if indeed not much stronger, in their application to the latter case, than to the case of an original probate.

The will of Susan Olney, therefore, being valid as a will of personal estate, the copy presented may be filed and recorded; and this proceeding is to have the same effect as an original probate of a will of personal estate. The decree, however, must provide, that the filing and recording shall not apply to, or make valid, the said will, in so far as it affects to convey real estate situate in this state.